UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHNISUB S.P.A., <br> an Italian Corporation, <br><br>                  Plaintiff, <br><br> v. <br><br> AQUA-LEISURE INDUSTRIES, INC., <br> a Massachusetts Corporation, <br><br>                  Defendant. | Civil Action No.: <br><br> **00-11887REK** |

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

This is an action by plaintiff Technisub S.p.A., ("Technisub") for, among other things, patent infringement and trade dress infringement against defendant Aqua-Leisure Industries, Inc. ("Aqua-Leisure").

### THE PARTIES

1.      Plaintiff Technisub is an Italian corporation with its principal place of business in Genova, Italy.

2.      Defendant Aqua-Leisure is a Massachusetts corporation with its principal place of business in Avon, Massachusetts. At all relevant times to this action, Aqua-Leisure transacted business in the Commonwealth of Massachusetts and in the judicial district comprising the District of Massachusetts.

## COUNT I
## (PATENT INFRINGEMENT)

10. Technisub hereby restates and realleges the allegations set forth in paragraphs 1 through 9 and incorporates them by reference.

11. On June 29, 1999, United States Letters Patent 5,915,541 ("'541 patent") entitled "Swimming or Diving Goggles" was duly and legally issued to Technisub, as assignee of the inventor Giovanni Battista Beltrani of Genoa, Italy.

12. Upon information and belief, Aqua-Leisure makes, offers to sell, sells and imports into the United States a product covered by one or more of the claims of the '541 patent, the Dolfino Water Sport swim goggle, and is therefore, directly, indirectly, contributorily, and/or by inducement infringing the claims of the '541 patent in this judicial district and elsewhere in the United States and will continue to do so unless enjoined by this Court.

13. The infringement by defendant Aqua-Leisure of Technisub's patent has injured Technisub and will continue to do so unless enjoined by this Court.

14. Technisub hereby demands a jury trial on this cause of action for patent infringement as set forth in this Count I.

## COUNT II
## (VIOLATIONS OF SECTION 43(c) OF THE LANHAM ACT, 15 U.S.C. § 1125(c))

15. Technisub hereby restates and realleges the allegations set forth in paragraph 1 through 14 and incorporates them by reference.

16. At great expense to Technisub, there has been established a wide patronage and invaluable good will for Technisub's Aqua Sphere Seal swimming masks. (A color copy of a portion of Technisub's catalog showing the Aqua Sphere Seal swimming mask is attached as

Exhibit "A"). The unique trade dress of this mask is indicated by certain distinctive elements including, but not limited to, (1) a uniquely-shaped wraparound ski goggle-type frame, (2) separate left and right ski goggle-shaped lens frame portions, (3) a widened V-shaped portion above the nose bridge of the frame which separates the lenses, (4) a one-piece strap adjuster which fits into, and mates with, a chevron-shaped notch at each temple end of the frame, and (5) a clear face skirt. The unique trade dress design of the Aqua Sphere Seal swimming mask and its high quality have become fixed in the minds of the public as denoting and being associated exclusively with Technisub.

17.  As a result of the extensive advertising by Technisub of its Aqua Sphere Seal swimming masks, in addition to broad coverage in various trade journals and sports-related publications, the unique and superior characteristics of Technisub's Aqua Sphere Seal swimming mask, including, among other things, a comfortable watertight fit and excellent visibility both in and out of the water, have become recognized by the public by the distinctive appearance of the Aqua Sphere Seal swimming mask. Technisub has thereby built up, and now owns, valuable good will for its business, and this good will is represented by the unique trade dress of Technisub's Aqua Sphere Seal swimming mask.

18.  Aqua-Leisure is engaged in the business of selling swimming masks in the United States and other countries that have the same ornamental appearance as Technisub's Aqua Sphere Seal swimming mask. In particular, Aqua-Leisure sells a "Dolfino Water Sport" swimming mask to various dealers, distributors and merchants throughout the United States and in this judicial district. (A color copy of a page from Walmart's internet catalog showing Aqua-Leisure's Dolfino Water Sport swimming mask is attached as Exhibit "B").

19. For the purpose and with the intent of trading on and profiting from the reputation and good will that Technisub owns from marketing its Aqua Sphere Seal swimming mask, Aqua-Leisure has deliberately simulated Technisub's trade dress by copying the ornamental appearance of Technisub's Aqua Sphere Seal swimming mask. Such imitation is calculated to mislead the public and to enable dealers to palm off defendant's products in place of Technisub's product.

20. As a result of Aqua-Leisure's copying of Technisub's trade dress, Technisub has suffered, and continues to suffer, damage to its business, reputation and good will.

21. Technisub hereby demands a jury trial on its cause of action for violation of the Lanham Act as set forth in Count II.

## COUNT III
## (VIOLATIONS OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a))

22. Technisub hereby restates and realleges the allegations set forth in paragraph 1 through 21 and incorporates them by reference.

23. Aqua-Leisure, while engaged in the promotion of swimming masks in commerce, has knowingly and willfully made false and misleading material descriptions in representations of fact concerning the nature, characteristics, and qualities of their swimming masks.

24. Aqua-Leisure's conduct constitutes willful misrepresentation in violation of Section 43(a) of the Lanham Act.

25. Aqua-Leisure's conduct has a substantial effect on both foreign and domestic United States commerce. As a direct result of Aqua-Leisure's violations of the Lanham Act, Technisub has suffered damages, or is likely to be damaged.

26.     Technisub hereby demands a jury trial on its cause of action for violation of the Lanham Act as set forth in Count III.

## COUNT IV
## (COMMON LAW UNFAIR COMPETITION)

27.     Technisub hereby restates and realleges the allegations set forth in paragraphs 1 through 26 and incorporates them by reference.

28.     The conduct of Aqua-Leisure as described herein constitutes common law unfair competition.

29.     As a result of the unfair competition by Aqua-Leisure, Technisub has suffered damages that are continuing.

30.     Technisub hereby demands a jury trial on its cause of action for unfair competition as set forth in Count IV.

## PRAYER FOR RELIEF

WHEREFORE, Technisub prays for judgment in its favor and against Aqua-Leisure as follows:

1.     That the defendant Aqua-Leisure be found to have infringed United States Letters Patent 5,915,541 and that such infringement is willful;

2.     That the defendant Aqua-Leisure and its respective agents, servants, officers, directors, employees, joint venturers and all persons acting in concert with it directly or indirectly, be enjoined from infringing, inducing others to infringe, or contributing to the infringement of United States Letters Patent 5,915,541;

3.     That defendant Aqua-Leisure be ordered to account for and pay to Technisub all damages to which Technisub is entitled as a consequence of infringement;

4. That Technisub be awarded pre-judgment interest, and its costs, disbursements, and attorney's fees herein in accordance with Title 35 U.S.C. § 285;

5. That defendant Aqua-Leisure be ordered to account for and pay to Technisub the damages to which Technisub is entitled as a consequence of defendant's violation of 15 U.S.C. §§ 1125(a) & (c), including punitive damages, pre-judgment interest, costs, disbursements, and attorney's fees;

6. That defendant Aqua-Leisure be ordered to account for and pay to Technisub the damages to which Technisub is entitled as a consequence of defendant's acts of unfair competition, including punitive damages, pre-judgment interest, costs, disbursements, and attorney's fees;

7. That a preliminary injunction be granted and, upon trial, a permanent injunction entered enjoining and restraining defendant and their agents, servants, and employees from directly and/or indirectly using, manufacturing, selling, and distributing, swimming masks with a configuration similar to the configuration of Technisub's swimming masks, which are likely to cause confusion, mistake, or deceive;

8. That defendant Aqua-Leisure be ordered to deliver up and destroy all swimming masks in the possession or control of defendant that include Technisub's distinctive trade dress, which are likely to cause confusion, mistake, or deceive;

9. Award such other and further relief as this Court may deem just and proper.

PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated: 18th day of September, 2000.

                                        **TECHNISUB S.p.A.**

By its attorneys:

David S. Godkin (BBO#196530)
Justin M. Perrotta (BBO#630742)
TESTA, HURWITZ & THIBEAULT, LLP
High Street Tower
125 High Street
Boston, Massachusetts 02110
(617) 248-7000

Of counsel:

Brian W. Hannon
Eric P. Halber
SUGHRUE, MION, ZINN,
MACPEAK & SEAS, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037
(Phone) 202 663-7927/7935

1070263