IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECHNISUB S.P.A.,<br>    Plaintiff,<br><br>v.<br><br>AQUA-LEISURE INDUSTRIES, INC.<br>    Defendant. | C.A. No. 00-11887 |

### ANSWER AND JURY DEMAND OF DEFENDANT
### AQUA-LEISURE INDUSTRIES, INC.

The defendant Aqua-Leisure Industries, Inc. ("defendant" or "Aqua-Leisure") hereby responds to the numbered paragraphs of the plaintiff's complaint as follows:

1. Defendant is without information to admit or deny the averments contained in paragraph 1 of the complaint and calls upon plaintiff to prove same, if material.

2. Admitted.

3-5. Paragraphs 3 through 5 of the complaint contain conclusions of law to which no response is required.

6. Defendant restates its responses to paragraphs 1 through 5 of the complaint.

7. Defendant is without information to admit or deny the averments contained in paragraph 7 of the complaint and calls upon plaintiff to prove same, if material.

8. Defendant denies that the Aqua Sphere mark is owned by plaintiff. Defendant is without information to admit or deny the remaining averments contained in paragraph 8 of the complaint and calls upon plaintiff to prove same, if material.

9. Defendant is without information to admit or deny the averments contained in




paragraph 9 of the complaint and calls upon plaintiff to prove same, if material.

10. Defendant restates its responses to paragraphs 1 through 9 of the complaint.

11. Defendant is without information to admit or deny the averments contained in paragraph 11 of the complaint and calls upon plaintiff to prove same, if material.

12-13. Denied.

14. Defendant states that no averments are contained in paragraph 14 of the complaint and that the inclusion of a demand for jury trial in the numbered paragraphs of a complaint is unusual and unnecessary.

15. Defendant restates its responses to paragraphs 1 through 14 of the complaint.

16-17. Denied.

18. Aqua-Leisure admits that it is engaged in the business of selling swimming masks in the U.S. and elsewhere and that it sells a Dolfino Water Sport product in the U.S. and elsewhere. Aqua-Leisure also admits that a color page of Walmart's catalog is attached to the complaint. The remaining averments contained in paragraph 18 of the complaint are denied.

19-20. Denied.

21. Defendant states that no averments are contained in paragraph 21 of the complaint and that the inclusion of a demand for jury trial in the numbered paragraphs of a complaint is unusual and unnecessary.

22. Defendant restates its responses to paragraphs 1 through 21 of the complaint.

23-25. Denied.

26. Defendant states that no averments are contained in paragraph 26 of the complaint and that the inclusion of a demand for jury trial in the numbered paragraphs of a complaint is

unusual and unnecessary.

27. Defendant restates its responses to paragraphs 1 through 26 of the complaint.

28-29. Denied.

30. Defendant states that no averments are contained in paragraph 30 of the complaint and that the inclusion of a demand for jury trial in the numbered paragraphs of a complaint is unusual and unnecessary.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by any one of 35 U.S.C. sections 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel, file wrapper estoppel, and waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of laches and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged marks are descriptive and have developed no secondary meaning.

## SIXTH AFFIRMATIVE DEFENSE

Any claims for patent infringement are barred because plaintiff's designs have no novel elements, and no novel elements have been infringed.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as all actions taken by defendants were for legitimate

3

business purposes.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as defendant's actions were neither wrongful nor improper.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as plaintiff's alleged trade dress is too weak to have any trademark significance.

WHEREFORE, the defendant, Aqua-Leisure Industries, Inc., hereby requests that this Honorable Court, after hearing,

1. dismiss the complaint and enter judgment for the defendant;

2. award the defendant its costs and attorneys' fees;

3. declare the plaintiff's patent invalid; and

4. award such other relief as the Court deems appropriate.

### JURY DEMAND

The defendant hereby demands a trial by jury on all claims so triable.

AQUA-LEISURE INDUSTRIES, INC.
By its attorneys,

*/s/ Thomas E. Kenney*
Robert R. Pierce, BBO No. 549172
Thomas E. Kenney, BBO No. 561590
PIERCE & MANDELL, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
617-720-2444

## Certificate of Service

I, Thomas E. Kenney, hereby certify that this 10th day of October, 2000, I served the Answer and Jury Demand of Defendant Aqua-Leisure Industries, Inc. upon the following counsel by hand delivery:

David S. Godkin, Esq.
Testa, Hurwitz & Thibeault, LLP
High Street Tower
125 High Street
Boston, MA 02110

*[signature]*
Thomas E. Kenney
Pierce & Mandell, P.C.
11 Beacon St., Suite 800
Boston, MA 02108
(617) 720-2444